JOHN W. MITCHELL vs. EMERY BOARDMAN.

Waldo. Opinion June 29, 1887.

Mandamus.    Judge police court.    Search and seizure.    Intoxicating liquors.

The court will not grant a writ of mandamus on the petition of a private citizen to compel a judge of a police court, having jurisdiction, to issue a search warrant upon the complaint of such citizen.

The court will not issue mandamus when it is too late to be an available remedy, as when the thing commanded to be done would be an idle and useless ceremony.

ON report.

The case is stated in the opinion.

R. W. Rogers, for plaintiff.

It was agreed between the parties before the drawing of the petition, that no question as to the right of a private citizen to petition in a public matter would be raised, and it is presumed that no such contention will be made. For the convenience of the court, however, in case any doubt of its authority to issue the writ prayed for, should arise in connection with that question, the following cases are cited. Hamilton, Auditor v. The State, 3 Ind. 452; The People v. Collins et al. 19 Wend. 56; Union Pacific R. R. Co. v. Hall, 91 U. S. 355, and cases cited; Williams, Petitioner, v. Co. Comr's, 35 Maine 347; State v. Gorham, 37 Maine, 461; Dane v. Derby, 54 Maine, 95, and Walton v. Greenwood, 60 Maine, 363.

"On a summary hearing on a petition for mandamus, this court will not determine the question of the constitutionality of the law, involving the rights of third persons, but will leave that

question to be settled, when properly presented by parties to an action." *Smyth* v. *Titcomb*, 31 Maine, 285.

The contention, however, that the statute is in conflict with § 5, Art. 1, of the Constitution of Maine, is without any foundation. The constitution neither delegates, nor requires the legislature to delegate to magistrates the power of passing upon the question of probable cause. It has the right to withhold that power, if it sees fit, and prescribe instead the rules and conditions upon which they shall issue their warrants. That is precisely what the legislature has done in § 40, and this court has at least twice directly and explicitly declared its action to be constitutional. *Gray* v. *Kimball*, 42 Maine, 307 ; *State* v. *Miller*, 48 Maine, 576.

And the law has often been indirectly sustained by the court, the last time in the recent case of *State* v. *Dunphy*, (Maine) 3 New England Rep. 827.

*W. P. Thompson and R. F. Dunton*, for the defendant, cited : R. S., c. 132, § § 6, 11, 12 ; *State* v. *Nephla*, 35 La. 365 ; 2 Greenl. Ev. 452 ; *Munns* v. *Dupont*, 3 Wash. C. C. 31 ; *Foshay* v. *Furguson*, 2 Denio, 617 ; *Ulmer* v. *Leland*, 1 Greenl. 135 ; *Stone* v. *Crocker*, 24 Pick. 81 ; *Flaherty* v. *Longley*, 62 Maine, 420 ; *State* v. *Miller*, 48 Maine, 580 ; *State* v. *Bartlett*, 47 Maine, 392 ; *State* v. *Wheeler*, 64 Maine, 532 ; *Harris* v. *Niagara Co. Sup.* 33 Hun, (N. Y.) 279 ; *Vanhorne's Lessee* v. *Dorrance*, 2 Dallas, 304 ; *Davis* v. *Co. Comr's*, 63 Maine, 398 ; High, Ex. Leg. Rem. §§ 42, 156 ; *U. S.* v. *Seaman*, 17 How. 225 ; *U. S.* v. *The Com.* 5 Wall. 563 ; *Secretary* v. *McGarrahan*, 9 Wall. 298 ; *Ex parte Newman*, 14 Wall, 165 ; *Ins. Co.* v. *Wilson*, 8 Pet. 302 ; *U. S.* v. *Peters*, 5 Cranch, 135 ; *Ex parte Bradstreet*, 7 Pet. 648 ; *Ex parte Many*, 14 How. 24 ; *Com.* v. *Whiteley*, 4 Wall. 522 ; *Ins. Co.* v. *Adams*, 9 Pet. 602 ; *Sanger* v. *Co. Comr's*, 25 Maine, 294.

DANFORTH, J. In this case the petitioner in his individual capacity applies for a writ of mandamus to compel the respondent, the judge of the police court of the city of Belfast, to issue a warrant of search and seizure upon his complaint in due form

under oath. It has for a very long time been well settled law in this state that "a private individual can apply for this remedy only in those cases, where he has some private or particular interest to be subserved, or some particular right to be pursued or protected by the aid of this process, independent of that which he holds in common with the public at large. It is for the public officers, exclusively to apply when public rights are to be subserved." *Sanger* v. *Co. Com.* 25 Maine, 291-6. No private right, distinct from that of the public, is involved here. It is the refusal of a public officer to act in a public matter; an officer of the government in a matter which relates to the enforcement of a public law, and if he has violated his duty or refuses to perform it, there is other remedy more appropriate and efficient than this. The cases cited by counsel are unlike this, and in those cited from our own state this question was not raised.

Were it otherwise, in this case no available remedy would result from granting the writ. The warrant asked for, if issued, could only be against such liquors as were in the building described at the date of the complaint. If the officer were to levy it upon any other, he would do so at his peril, and so long a time has elapsed since the complaint was made and must in cases of this kind always elapse before a judgment can be obtained, that the issuing of the warrant would be a useless act, and more especially in this case as the building described in the complaint has been destroyed by fire, a historical fact of which the court will take judicial cognizance. Under these facts the court will not grant a mandamus even if the petitioner were otherwise entitled. It would be an idle and useless ceremony. *Williams, Petr.* v. *Co. Com.* 35 Maine, 349; *Woodbury* v. *Co. Com.* 45 *id.* 304; *Dane, Pet.* v. *Derby,* 54 *id.* 102.

*Writ denied.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.