STATE OF NEBRASKA, EX REL. FRANK H. YOUNG, APPEL-
LANT, V. WILLIAM H. OSBORN, ASSESSOR, APPELLEE.

FILED JULY 12, 1900.  No. 11,436.

1. **Mandamus:** ASSESSOR: PARTY.  In a proceeding to · compel an assessor to assess property for taxation at its fair value it is unnecessary to bring in any taxpayer of the taxing district as a party.

2. **Duty of Assessor.**  Except as otherwise provided by law the assessor is required to value property for taxation at its fair value.

3. **Uniform Valuation.**  The valuation of property for taxation must be uniform.

4. **Pleading:** FACTS: CONCLUSIONS.  Ultimate facts should be pleaded and not mere legal conclusions.

5. **Mandamus:** RELATOR: PRIVATE PERSON.  A private individual, not shown to be either a citizen or to be beneficially interested in the enforcement of the laws, can not invoke mandamus to compel an officer to perform a public duty.

6. ———.  Mandamus will not issue where the law affords a plain and adequate remedy.

APPEAL from the district court of Custer county. Heard below before SULLIVAN, J.  *Affirmed.*

*O'Neill & Gilbert,* for relator.

*James Ledwich, L. E. Kirkpatrick* and *C. L. Gutterson,* contra.

NORVAL, C. J.

This was an application by Frank H. Young, as receiver of Broken Bow Water Works Company, to the district court of Custer county for a peremptory mandamus to compel the respondent, as assessor of the city of Broken Bow, to assess the property in said city at its fair cash value.

The information charges that in an action pending in the circuit court of the United States in and for the dis-

trict of Nebraska, wherein the executors of the estate of
Denis C. Gately, deceased, and others were plaintiffs and
the Broken Bow Water Works Company was defendant,
Frank H. Young, the relator herein, was appointed by
said court the receiver of said company; that he duly
qualified as such, entered upon the discharge of said trust
and as such receiver is in full and undisputed possession
of all the property, rights and franchises of said Broken
Bow Water Works Company; that relator has been duly
authorized by said circuit court to commence and main-
tain this action; that William H. Osborn, the respondent,
is the elected, qualified and acting assessor of the city of
Broken Bow, and as such is pretending to perform the
duties required of him by law.

The information further avers: "That heretofore, to-
wit:—on the 23rd day of April, A. D. 1888, the city of
Broken Bow, Custer county, Nebraska, by its mayor and
city council duly authorized for the purpose, entered
into a contract with the Broken Bow Water Works Com-
pany, which contract is embodied and contained in an
ordinance of the said city, known as ordinance seventy-
six, of the compiled and published ordinances of the said
city, which said ordinance was duly and legally passed
and adopted on the said 23rd day of April, A. D. 1888,
which said ordinance your relator prays may be taken
as a part of this petition.

"Your relator further shows unto the court that it is
provided by section six of the said ordinance, as follows:
'And a sufficient tax, not to exceed seven mills on the
dollar, shall be levied and collected annually upon all
taxable property upon the assessment roll of said city,
to meet the payments under this ordinance, when and as
they shall respectively mature during the existence of
any contract for hydrant rentals, and shall be levied and
kept as a special fund known as the "Water Fund," and
shall be irrevocably and exclusively devoted to the pay-
ment of hydrant rentals under this ordinance, and shall
not be otherwise employed.'

"Your relator further shows unto the court that the revenues of the said Water Works Company growing out of the matter of hydrant rentals under the provisions of the said ordinance is one of the material and principal sources of revenues of the said Water Works Company, and under the provisions of the said contract your relator, as the receiver of the said Water Works Company, is entitled to receive from the said city the proceeds of a tax of seven mills levied upon all the taxable property in the said city, when properly and legally assessed as required by the laws of the state of Nebraska governing assessments.

"Your relator further shows to the court that the respondent William H. Osborn, regardless of and in violation of his duties as such assessor of the city of Broken Bow, has entered into an agreement and understanding with the other assessors of Custer county, Nebraska, that he will not return the property of said city at its fair cash value as required by law, but that after determining the fair cash value of the said property he will enter the same upon the assessment roll of said city and return the same to the county clerk of Custer county, Nebraska, at one-fourth of the fair cash value of the said property, as the same has been found and determined by him, and pursuant to said agreement and understanding the said respondent has determined the fair cash value of the property in the said city, and regardless of his duties and obligations and the requirements of law in that regard he has entered the same upon the assessment book for the said city at one-fourth the true value thereof, as found and determined by him.

"Your relator further shows that the said action of the said assessor works a great and irreparable injury and damage to your relator and your relator is without an adequate remedy at law in the premises, and a tax of seven mills on the dollar of the taxable property of said city at its fair value is requisite and necessary to meet the amount due your relator under said contract."

31

The respondent demurred to the information because it did not state facts sufficient to constitute a cause of action, and also for defect of parties defendant. Both grounds of the demurrer were sustained, and relator electing to stand on his pleading, the action was dismissed.

The learned district court erred in ruling that there was a defect of parties. The proceeding was against the respondent to enforce the performance of an official duty, which he, and he alone, could lawfully discharge. That the proposed action sought to be coerced would probably affect the interests of the taxpayers of the city of Broken Bow is no reason why such taxpayers should be made parties to this proceeding. After the assessment is made, if they are dissatisfied, they can seek relief before the board of equalization. Suppose a county treasurer should refuse to perform some official duty enjoined upon him by law, a taxpayer of the county could invoke relief by mandamus, but it would not be necessary for the relator to make the other taxpayers of the county parties to the mandamus proceeding; and the same principle is applicable here.

We now proceed to a consideration of the question whether the information, or petition, stated facts sufficient to entitle the relator to the relief demanded.

Section 4, chapter 77, article 1, Compiled Statutes, declares that "Personal property shall be valued as follows: First—All personal property, except as herein otherwise directed, shall be valued at its fair cash value," etc.

Section 5 of the same chapter and article reads thus: "Sec. 5. Real property shall be valued as follows: First— Each tract or lot of real property shall be valued at its fair value, estimated at the price it would bring at a voluntary sale thereof, where public notice had been given, and a payment of one-third cash and the balance secured by a mortgage upon the property. Second— Leasehold estates, including leases of school and other lands of the state, shall be valued at such price as they

would bring at a fair voluntary sale for cash.   Third—
Where a building or structure owned by a lessee is lo-
cated on land leased from another, the same shall be val-
ued at such a price as such building or structure would
sell at a fair voluntary sale for cash."   The meaning of
these provisions is obvious.   They make it the duty of the
assessor, ordinarily, to value for taxation real and per-
sonal property at the fair value thereof, except as the
statute may otherwise provide.   There is another cardinal
rule of taxation, and that is that "every person and cor-
poration shall pay a tax in proportion to the value of his,
her or its property and franchises."   Constitution, art. 9,
sec. 1.   And this rule of uniformity applies not only to
the rate of taxation but as well to the valuation of prop-
erty for the purposes of raising revenue.   *High School
Dist. No. 137 v. Lancaster County,* 60 Nebr., 147.   The con-
stitution forbids any discrimination whatever among tax-
payers.   *State v. Graham,* 17 Nebr., 43; *State v. Poynter,*
59 Nebr., 417.   Thus if the property of one citizen is val-
ued for taxation at one-fourth its value, others within the
taxing district have the right to demand that their prop-
erty be assessed on the same basis.   The rule of uniform-
ity is satisfied if observed by each jurisdiction imposing
the tax.   *Jones v. Commissioners,* 5 Nebr., 561; *Turner v.
Althaus,* 6 Nebr., 54; *Pleuler v. State,* 11 Nebr., 547.   So
far as the information discloses, there has been no viola-
tion of the rule of uniformity guaranteed by the funda-
mental law by the respondent in assessing the property
within the city of Broken Bow.   On the contrary, it is to
be inferred that all the property in that tax district was
uniformly assessed at one-fourth, instead of its full cash
value.   Plaintiff has stated in the information no suffi-
cient ground for relief.   The application for the writ is
framed upon the theory of the right of redress of a private
wrong rather than the enforcement of a public duty
which the respondent owes the public.   That is, that the
property in the city of Broken Bow is assessed so far be-
low its real value as to raise insufficient revenue to pay

an amount claimed to be due plaintiff from the city of Broken Bow for the rent of hydrants. It will be observed that the information does not plead or set out the terms of any contract entered into by the Broken Bow Water Works Company with the city relating to the rent of hydrants. It is not averred the number of hydrants the city has rented or the price agreed to be paid therefor. There is no fact pleaded from which it can be inferred that any sum of money is due from the city to the relator. It is true that it is alleged that under the provisions of a contract, not pleaded in substance or otherwise, relator, as receiver of said water works company, is entitled to receive from the city the proceeds of taxable property of the city when assessed at its fair value. But this is the pleading of a mere conclusion. The ultimate facts should have been pleaded, instead of the averment of mere conclusions. *Rainbolt v. Strang*, 39 Nebr., 339. It is plain that relator has not shown himself to have been injuriously affected by the act of the respondent.

The rule is, where it is sought to compel the performance of a ministerial duty by a public officer, any citizen interested in the execution of the laws may be the informer. *State v. Shropshire*, 4 Nebr., 411; *State v. Stearns*, 11 Nebr., 104; *State v. Cummings*, 17 Nebr., 311; *State v. City of Kearney*, 25 Nebr., 262. The information does not state facts from which it can be inferred that relator is a citizen of Broken Bow, or that either he or the Broken Bow Water Works Company has taxable property in said city. So in no view of the case does the information state sufficient facts to entitle relator to relief by mandamus.

Again, mandamus may not issue in any case where the remedy at law is plain and adequate. Code of Civil Procedure, sec. 646. It is not made to appear that the relator has not a complete remedy at law. On the other hand, it is obvious the board of equalization would grant him complete relief, as it is not alleged that the property in Custer county outside of the city of Broken Bow was assessed at less than its fair value. It is merely stated

that respondent entered into an agreement with the other assessors of the county that he would not return the property in the city at its fair cash value, but at one-fourth of such value. But there is no averment that the other assessors were to likewise assess and return the property in their respective districts below its fair cash value, or that they would do so. The presumption must be indulged, unless the contrary fully appears, that a public officer has honestly discharged his duty. So we must presume that all the assessors of Custer county outside of the city of Broken Bow assessed and returned the property in the mode prescribed by law; and if they did so, the county board of equalization has the power to equalize the assessment of the county by raising the assessed valuation of property in the city of Broken Bow so that the valuation throughout the county shall be uniform. For the reason stated the writ was properly denied. The judgment is accordingly

AFFIRMED.