[S. F. No. 3909. In Bank.—November 30, 1904.]

## JOSEPH FRITTS, Appellant, v. S. W. CHARLES, Respondent.

WRIT OF MANDATE—ARREST FOR MISDEMEANOR—APPLICANT NOT INTER-ESTED.—An applicant for a writ of mandate to compel the arrest of a person accused by his complaint, filed in the justice's court, of a misdemeanor in unlawfully using a slot machine for a game of chance, is not a party beneficially interested, within the meaning of the statute. He is not injured thereby in any manner different from the general public, and his application for such writ was properly denied by the superior court.

APPEAL from a judgment of the Superior Court of Santa Clara County. Hiram D. Tuttle, Judge.

The facts are stated in the opinion.

U. S. Webb, Attorney-General, and James H. Campbell, District Attorney, for Appellant.

S. W. Charles, Respondent, *in pro. per.*

Louis O'Neal, and Owen D. Richardson, *Amici Curiæ.*

COOPER, C.—Defendant is a justice of the peace in Palo Alto Township, in Santa Clara County. Plaintiff filed an affidavit with said justice in which he alleged that a misdemeanor had been committed by one Levin, by unlawfully playing and conducting a "certain game played with a device known as a slot machine, said machine being supplied with a certain amount of money, and being operated by placing therein a nickel and turning a crank, the person placing said nickel therein securing thereby a chance of getting a much larger sum of money from said machine upon turning said crank."

The defendant refused to issue a warrant for the arrest of Levin, for the reason that in his opinion, as justice aforesaid,

the said criminal complaint or affidavit did not state facts sufficient to show that any public offense had been committed. Thereupon this application was made to. the superior court for a writ of mandate to compel the defendant as justice to issue a warrant for the arrest of Levin. The court denied the application for the writ, and plaintiff prosecutes this appeal from the judgment.

It is not necessary to pass upon the question as to the sufficiency of the complaint in the justice's court. The writ of mandate will not be issued except upon affidavit on the application of the party beneficially interested. (Code Civ. Proc., sec. 1086.) The plaintiff is not the party beneficially interested within the meaning of the statute. If a misdemeanor has been committed, the law provides machinery for the arrest and prosecution of the party who committed the misdemeanor. If the officers of the law fail to do their duty where the rights of the public are involved, the law provides a remedy in such case. It is the settled rule that a private individual can apply for this remedy only in those cases where he has some private or particular interest to be subserved, or some particular right to be preserved or protected by the aid of this process, independent of that which he holds with the public at large.

In *Marini* v. *Graham,* 67 Cal. 130, the petitioner asked for a writ of mandate to compel the superintendent of public streets to abate an alleged public nuisance. The writ was denied, and the court said in speaking of the rights of the applicant: "The facts upon which he relies as the basis of his action to enforce an alleged private right in himself, affirmatively show that the obstruction in the sidewalk of which he complains, is not more injurious to himself than it is to the inhabitants at large. Any injury or annoyance which he suffered from it may be greater in degree, but it is not different in kind from that sustained by the public; therefore, he receives from it no special injury for which he is entitled in law to a private action . . . or in a special proceeding to obtain a writ of mandate." (See, also, *Linden* v. *Alameda County,* 45 Cal. 6; *Ashe* v. *Board of Supervisors,* 71 Cal. 236; *People* v. *Budd,* (Cal.) 47 Pac. 594; *Mitchell* v. *Boardman,* 79 Me. 469.)

In this case there is nothing to show that operating the machine in which a person by placing a nickel therein "secures a chance of getting a much larger sum of money from

said machine upon turning said crank'' injures plaintiff in any manner different from the general public. He is not compelled to put a nickel in the machine and turn a crank, but if he should do so, according to the complaint, he "secures a chance of getting a much larger sum from the machine.''

The judgment should be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Van Dyke, J., Angellotti, J., Shaw, J., Lorigan, J.,    Henshaw, J., McFarland, J.

Rehearing denied.