EDWARDS MANUFACTURING COMPANY, Petitioner for Mandamus,

*vs.*

FRANK L. FARRINGTON et. als., Assessors of the City of Augusta.

Kennebec.    Opinion November 24, 1906.

*Mandamus.    Taxation.    Abatement.    R. S., chapter 9, sections 73, 74, 76, 77, 78.*

1.  The writ of mandamus is an extraordinary writ to be issued, not to vindicate a mere abstract, theoretical right, but only when necessary and effective to secure some substantial relief or benefit.

2.  The writ of mandamus should not be issued to compel municipal assessors of taxes to act upon an application made to them for an abatement of a tax, when it appears from the petition for the writ that the application is barred by the unjustified omission of the applicant to furnish the assessors with a list of his taxable property " at the time appointed."

3.  To justify such omission the applicant for abatement must show that he " was unable to offer it at the time appointed," R. S., chapter 9, section 74.  That the applicant in good faith supposed he was a non-resident and had been so regarded by the assessors for a series of years including the year of the assessment complained of, does not justify his omission to furnish such list if in fact he was a resident and liable to taxation as such.

On report.    Petition denied.

Petition by plaintiff company for a writ of mandamus to compel the Assessors of the City of Augusta to take action upon its application to them for an abatement on the taxes assessed against the plaintiff company, for the year 1904.

This petition was filed in the Supreme Judicial Court, Kennebec County, and after its filing the following agreement in relation to the matter was made : " In the above petition for madamus, it is stipulated and agreed between counsel for the petitioner and for the respondents that the case shall be heard on the fourteenth day of September, 1906, before SPEAR, J., upon the petition, and answer by the respondents then to be filed and upon the evidence as upon the alternative writ and return ; that all questions of law arising thereon, concerning the granting or denial of the peremptory writ,

be reserved for the determination of the full Court as upon report, and that for that purpose the case shall be forthwith certified to the Chief Justice of the Supreme Judicial Court for the final decision of that Court in the manner provided by R. S., chap. 104, sec. 18, the full Court then to determine whether a peremptory writ of mandamus shall issue or the petition be dismissed."

In accordance with the aforesaid agreement the cause was heard by Mr. Justice SPEAR who after the hearing made the following order in relation thereto: "In the opinion of the Justice hearing the cause, important questions of law having arisen, this case is hereby certified to the Chief Justice in accordance with the agreement of counsel hereto annexed." Thereupon the cause was certified to the Chief Justice as provided by R. S., chapter 104, section 18. There was no report of evidence or any finding of facts.

The case appears in the opinion.

*Orville Dewey Baker*, for plaintiff.

*Frank L. Dutton and Williamson & Burleigh*, for defendants.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

EMERY, J.   This is a petition by the Edwards Manufacturing Company for a writ of mandamus to the tax assessors of the city of Augusta to compel them to act upon its application to them for an abatement on its taxes for the year 1904.   The case comes before the Law Court on report, but without any finding of facts or report of evidence.   From the petition and answer, however, the following appear to be the material facts.

The Edwards Manufacturing Company, the petitioner, is a Maine corporation and had property taxable in Augusta on the first day of April 1904.   Assuming that it was not an inhabitant of Augusta, it for that reason omitted to furnish the assessors of that city with the list of its taxable property required by the statute R. S., ch. 9, secs. 73, 74.   Being dissatisfied with the assessment, it afterward, on Nov. 17, 1904, made written application to the assessors under R. S., ch. 9, sec. 76, for an abatement on its tax.   The assessors

refused to make the abatement asked for and gave to the company written notice of their decision as required by sec. 77 of the same chapter. The company thereupon applied to this court sitting for Kennebec County for the desired abatement. This application was dismissed by the court upon the ground that the company was an inhabitant of Augusta for taxing purposes, and having omitted to furnish the assessors with the statutory list of its taxable property at the time appointed, was thereby barred from making application for abatement, according to R. S., ch. 9, sec. 74.

Thereupon, on May 7, 1906 within the two years, the company again made written application to the assessors for an abatement on the 1904 tax, and, with the application, offered the statutory list of its taxable property for that year. The assessors have refused and still refuse to act upon this application either to grant it, deny it, or even dismiss it. This petition to this court is for a writ of mandamus to compel them to act and dispose of the application in some way. The petitioner argues that such action is necessary under R. S., ch. 9, sec. 78 to enable it to apply to the county commissioners, or to this court, for the desired abatement and have a hearing on such application should the assessors refuse to abate.

Granting, arguendo, that the assessors should have acted upon the application to them, at least to the extent of dismissing it or otherwise refusing it, and should have given the statutory notice of their decision, it does not follow that the writ of mandamus should now issue to compel them to do so. The writ is not an ordinary writ to be sued out as matter of course. It is an extraordinary writ to be issued only when it is made to appear clearly to the court that the writ is necessary to secure some substantial right, and also that it will be effective to secure that right. As said in 19 Am. & Eng. Ency. 757, 758, the writ should not be issued " where, if issued, it would prove unavailing, fruitless, and nugatory." " A mere abstract right, unattended by any substantial benefit to the relator, will not be enforced by mandamus." See *Rex* v. *Justices*, 2 B & A 391; 22 E. C. L. 108; *Mitchell* v. *Boardman*, 79 Maine 469; *Tennant* v. *Crocker*, Mayor, 85 Mich. 328; *State* v. *Board of Health*, 49 N. J. L. 349.

In this case the ultimate object of the petitioner is to procure an abatement of its tax. Its immediate object is to obtain a hearing by some competent tribunal upon the merits of its application for abatement. It seeks a decision by the assessors upon the application made to them in order that, if such decision be unfavorable, it may make application to another tribunal. It may be conceded that a decision by the assessors is a statutory prerequisite to such application, (R. S., ch. 9, sec. 78) but the question remains whether a decision by the assessors, if unfavorable, would enable the petitioner to obtain a hearing upon the merits of the application to such other tribunal. If not, then it would be useless to compel a decision by the assessors. The mere right to make application to another tribunal where no hearing could be had on the merits of the application, would be "an abstract right, unattended by any substantial benefit to the petitioner."

It has been adjudicated that the petitioning company was and is to be regarded as an inhabitant of Augusta for taxing purposes. The company practically admits that it did not furnish the assessors with the statutory list of its taxable property at the time appointed, though due notice was given. It is therefore barred from its otherwise statutory right to make application for abatement either to the assessors, or to the county commissioners, or to this court, unless it can satisfy the tribunal that it "was unable to offer it (the list) at the time appointed." R. S., ch. 9, sec. 74.

It is practically conceded in the petition itself, including exhibits, that the only excuse the petitioner has to offer to either tribunal for its omission to furnish the list seasonably, is that it had supposed it was not an inhabitant of Augusta for taxing purposes, and that the assessors and the city for many years had regarded it as a non-resident and had so treated it in assessing taxes upon its property and indeed did so in the assessment of 1904. The argument is that, beside believing that no list was required by law, the company was led to believe by the assurances and action of the assessors that no list was required by them, hence it should not be held barred from making application for abatement.

If the statute permitted an application for abatement to be

entertained upon "reasonable excuse," or "good cause," being shown for the omission to furnish the list seasonably, the above statement of the reason or cause for the omission might perhaps be held sufficient for entertaining the application; but the statute requires proof that the applicant "was unable" to furnish the list. It is evident that the facts stated do not show, nor tend to show, that the petitioner was unable to furnish the list, however good in reason and morals its excuse for not doing so. The company was bound to know that a list was required by law, was bound to know that the assessors could not lawfully have dispensed with the list. The action of previous assessors and the prior action of the present assessors or of the city did not suspend the law nor excuse the company for not obeying it. After all is said, the company appears to have deliberately elected not to furnish the required list. Though it made this election under a misapprehension of its right and duty in the premises it cannot escape the consequences.

If it be suggested that if the petitioner can get to the county commissioners that tribunal may adjudge upon the facts stated that the company "was unable" to furnish the list, the answer is that should the commissioners by any possibility do so their proceedings would be quashed upon certiorari. *Fairfield* v. *County Commissioners*, 66 Maine, 385. If it be suggested that the petitioner can perhaps prove to the tribunal other facts showing its inability to furnish the list, the answer is, as stated above, that the petition and its exhibits indicate affirmatively that the only excuse relied on is that above considered. It is a fair inference from the whole case that no other exists.

It appearing from the whole case that neither the assessors, the county commissioners, nor this court could lawfully hear and decide upon its merits an application by the company for an abatement of the 1904 tax, that the company is in law and fact barred from making such an application, that it can gain no "substantial benefit" from a decision by the assessors, the writ asked for should be refused.

*Petition denied with costs.*