Nickelson v. State *ex rel.* Blitch—Opinion of Court.

---

R. L. NICKELSON, AS JUSTICE OF THE PEACE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *ex rel.* B. BLITCH, *Defendant in Error.*

An individual as such is not authorized to prosecute mandamus proceedings to compel a justice of the peace to issue a warrant in a criminal case.

This case was decided by Division B.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter, Kirke Monroe* and *Reeves & Watson,* for Plaintiff in Error;

*M. E. Morey* and *R. P. Reese,* for Defendant in Error.

PER CURIAM.—On the 8th, day of July 1911 an alternative writ of mandamus, on the amended petition of B. Blitch, was issued to the plaintiff in error from the Court of Record of Escambia County, Florida.

The amended alternative writ of mandamus set up that Blitch applied to the plaintiff in error and made affidavit before him charging that on the 25th, day of June, 1911, one John G. Oliver engaged in a game of baseball and demanding the issuance of a warrant for the arrest of the said John G. Oliver. The amended writ alleged that the plaintiff in error gave as his reason for refusing to issue the warrant that the Act of the Legislature of June 3rd, 1911, had delegated to the Mayor and City Council of Pensacola, the power to pass ordinances superseding or repealing existing laws licensing, regulating or prohibiting baseball playing and that the Mayor and City Council of Pensacola had, by ordinance, repealed or superseded Chapter 5436 of the laws of Florida prohibiting baseball playing on Sunday, in this State, and had licensed such baseball playing in said city on Sunday, and that in as much as John G. Oliver had procured a license under such ordinance, no offense had been committed by him in playing baseball as charged in the affidavit. The amended writ further set up that both the County Judge and the Solicitor of the Court of Record had refused to take cognizance of the charge but did not set up any reasons that were assigned by them for so doing. The writ then charges that the Act of June 3 is unconstitutional, without pointing out what particular sections in the constitution are infringed by it.

The command of the alternative writ directed the plaintiff in error, upon the prepayment of costs, to issue a warrant for the arrest and apprehension of John G. Oliver, commanding the executive officer of his court to bring the said Oliver before the plaintiff in error as Justice of the Peace, to be dealt with according to law.

To this amended alternative writ of mandamus was interposed a motion to quash, which on the same day was

overruled. The respondent then made return to the amended alternative writ of mandamus setting up as reasons why he had not issued the writ, the following:

1. That Blitch at the time of making the affidavit had not paid or offered to pay costs and had not made or offered to make the insolvency affidavit required by the statute.

2. That the Act of the Legislature of June 3, 1911, had conferred the power on the City of Pensacola to pass ordinances superseding or repealing existing laws in regard to baseball playing, and that the Mayor and Council of the City of Pensacola had afterward passed an ordinance authorizing the playing of baseball on Sunday after the procuring of license, and setting up that Oliver held license under such ordinance, and played baseball only at the time and place authorized in such ordinance, and that at the time of demand of the issuance of the warrant, the relator had admitted that the game of baseball had been played by the said Oliver only as set up in such return A copy of the particular ordinance was attached to the return.

The relator demurred to this return. The Court sustained this demurrer and proceeded to enter judgment awarding the peremptory writ and commanding Nickelson to issue his warrant for the apprehension of Oliver commanding the executive officer of his court to produce the body of the said Oliver before Nickelson to be dealt with according to law, and requiring return of obedience.

The plaintiff in error immediately sued out his writ of error and obtained an order of supersedeas, and made bond thereon.

He assigns as errors, the denying of the motion to quash, the sustaining of the demurrer to the return, and

the awarding of judgment and granting peremptory writ of mandamus.

The respondent moved to quash the amended alternative writ for the reasons, among others:

1.   Its recitations show no such injury to the relator as authorizes its issuance in his behalf.

2.   It seeks at the relation of a private person to compel the performance of a duty, which, if owing at all, is owing to the State as such in its governmental capacity, and which can be compelled, if at all, on the relation only of an officer of the State.

3.   The writ seeks on the relation of a private person, who shows no injury in person or property, to have an act of the legislature adjudged to be unconstitutional.

4.   The relator has not shown any such right in himself as warrants or authorizes an adjudication, on his relation of the question of the constitutionality of the act of June 3rd, 1911, mention whereof is made in the said writ.

The purpose of this writ is not the enforcement of a private right, and the relator does not seek the writ for that purpose.   This is a petition of the State of Florida upon the relation of B. Blitch, and its object is the enforcement of a public right or to compel the performance of a public duty.   The authorities are not in harmony as to the right of an individual to proceed in such a case by mandamus, especially is this so, in regard to the right of a private person to compel a magistrate to perform his duty in respect to *criminal proceedings*.   See note to the case of State *ex rel.* Romano v. Yakey, 9 Ann. Cas. 1074, where it is said the weight of authority is against such right.

In Florida C. & P. R. Co. v. State *ex rel.* Town of Tavares, 31 Fla. 482, 13 South. Rep. 103, this court held: When mandamus is resorted to for the purpose of enforc-

ing a private right, the person interested in having the right enforced must be the relator. In such case the relator is considered the real party and his right to the relief must clearly appear; where the object is the enforcement of a public right, the *people* are regarded as the real party, and the relator need not show that he has any legal interest in the result. It is enough that he is interested as a *citizen* in having the laws executed, and the duty in question enforced. As there said he must, however, be interested as a citizen.

In State ex rel. Young v. Osborn, 60 Neb. 415, 83 N. W. Rep. 357, the court held "a private individual, not shown to be either a citizen or to be beneficially interested in the enforcement of the laws, can not invoke mandamus to compel an officer to perform a public duty."

If it be sufficient that a private person has only such an interest as other members of the community, he would have no such interest if he were not a member of the community. As Judge Caldwell, said in People ex. rel. VanDyke v. Colorado Cent. R. Co., 42 Fed. Rep. 638: "But when a private person moves for a mandamus, 'on behalf of the people of the State' he must show that he is one of them, and that his interests as a citizen of the State are injuriously affected by the wrong complained of. In the petition, and in the alternative writ in this case, the relator's name alone is given. It is not stated that he is a citizen or inhabitant of the United States, or of this State, or that he, personally, has been injured by the alleged wrong, or that he has any interest whatever in the controversy he has set on foot."

Of course our knowledge must be confined to the matters set up in the petition. The allegation in this case is: "The petition of the State of Florida on the relation of B. Blitch." It is nowhere alleged that Mr. Blitch is

a citizen or inhabitant of the State, and it does not appear therefore that he has such an interest as entitles him to the writ in this case. But even though it appeared that the relator herein were a citizen of this State, we think the proceedings for mandamus should have been instituted by the proper public officer. The true distinction seems to be that if the general public as distinguished from the State in its sovereign capacity is affected, any member of the State may sue out the writ, yet where the right or duty in question affects the State in its sovereign capacity as distinguished from the people at large, the proceedings must be instituted by the proper public officer. 26 Cyc 402, and cases cited.

The question here affects the State in its sovereign capacity as distinguished from the public at large. The warrant sought to be issued in the court of Judge Nickelson runs in the name of the State. The respondent is an officer of the State. As was said in Mitchell v. Boardman, 79 Me. 469, 10 Atl. Rep. 452: "It is the refusal of a public officer to act in a public matter, an officer of the government in a matter which relates to the enforcement of a public law, and if he has violated his duty or refuses to perform it, there is other remedy more appropriate and effective than this."

The case of State ex rel. Romano v. Yakey, 43 Wash. 15, 85 Pac. Rep. 990, 9 Ann. Cas. 1074, is the only case we have found that holds that a private citizen may be a relator to compel a public officer to issue a writ in a criminal proceeding.

In Benners v. State, 124 Ala. 97, 26 South. Rep. 942, the court holding that mandamus will lie against a justice of the peace to require him to issue a warrant of arrest for the violation of a criminal statute, said; "The solicitor, as the prosecuting officer of the State, was a

proper relator in bringing the application for man-damus."

In people v. Swift (Prosecuting Attorney v. Judge of Recorder's Court,) 59 Mich. 529, 26 N. W. Rep. 694, the court said: "It is general rule that the attorney general should represent the people in this court; but, while we should require this in most cases, there is no rule of law, that we are aware of, which would prevent our considering an application by the prosecuting attorney to set a court in motion to proceed in a case which is under the control there, of that officer."

Besides the County Solicitor and the Attorney General, the State Attorney and perhaps the Governor could properly to heard in this proceeding.

As the relator here is not authorized to represent the sovereignty of the State and has no such interest as makes him a proper individual relator, it is not proper for the court to consider the constitutional questions sought to be presented.

The judgment is reversed.

TAYLOR, HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD, and COCKRELL, J. J., concur in the opinion.