## Marshall v. Herndon, Police Judge.

(Decided November 24, 1914.)

### Appeal from Franklin Circuit Court.

1. Courts—Duty of Magistrate to Issue Warrant.—Under Section 31, Criminal Code, it is the imperative duty of a magistrate to issue a warrant whenever he shall be satisfied from the information given him on oath that there are reasonable grounds for believing the charge.

2. Judgment—Mandamus Will Not Lie to Control.—Mandamus will lie to compel an inferior tribunal to act, but not to control its judgment.

3. Courts—Ordinances.—It was error for the court to dismiss a petition to compel a police judge to issue a warrant for the violation of a city ordinance, where the pleadings show that the ordinance is valid, and the affidavit was sufficient.

DULIN MOSS for appellant.

T. L. EDELEN for appellee, Herndon.

JAMES H. POLSGROVE for Lyon.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellant, a citizen of the city of Frankfort, and a member of the City Council, sued for a writ of mandamus against appellee, who is Police Judge of the city. The purpose of the writ was to compel the police judge to issue a warrant of arrest for E. K. Lyon, charged with conducting a moving picture show for a profit in violation of what is commonly known as the Sunday law. The city ordinance prohibiting work or business on the Sabbath day is a copy of Section 1321, Kentucky Statutes. On April 15th, 1914, when Marshall demanded issual of the warrant, he filed with the police judge his affidavit, sworn to before the Clerk of the Franklin Circuit Court, showing a commission of all the acts necessary to make a violation of the ordinance, and which, if true, would render Lyon guilty, and subject him to the penalties prescribed.

By Section 26, Criminal Code, the police judge is designated as one of the officers, called magistrates, who have authority to issue warrants of arrest.

Section 31, Criminal Code, is as follows:

"A magistrate shall issue a warrant for the arrest of a person charged with the commission of a public offense, when, from his personal knowledge, or from information given to him on oath, he shall be satisfied that there are reasonable grounds for believing the charge."

This section makes it the imperative duty of the magistrate to issue a warrant whenever he shall be satisfied from the information given him on oath that there are reasonable grounds for believing the charge. The question before the magistrate at this time is not whether accused is guilty or should be convicted. Such matters as guilt and conviction are presented to him for judicial determination when the accused is arrested and brought before him for trial. In this case, it is unnecessary to

go into the question whether, under the Code section *supra,* the magistrate acts judicially or ministerially. The question is not now before us, whether it is a judicial function to determine the sufficiency of the affidavit.

In this case, the police judge, who is the magistrate, admits that the affidavit is sufficient, and that he is satisfied, from the information contained therein, that the offense has been committed, if there is a valid city ordinance covering the subject. From the record before us, it is equally apparent that there is a valid city ordinance. The petition alleged that fact. The lower court permitted Lyon to come into the action, and by amended answer he says the ordinance has been repealed and is no longer in force. By reply, Marshall denied that the ordinance had been repealed. With the issue thus formed, the burden was upon Lyon to prove the repeal and when he failed to introduce any evidence his contention must fail. Where it is admitted that the facts shown in the affidavit are sufficient to constitute an offense against a valid city ordinance, then certainly no discretion is left to the magistrate. The Code says that he *shall* issue the writ. Mandamus will lie to compel an inferior tribunal to act, but not to control its judgment. Cassidy v. Young, 92 Ky., 227; Galbraith v. Williams, 106 Ky., 431; Shine v. Ky. Cen. Ry Co., 85 Ky., 177.

Since the pleadings show that there was a valid city ordinance on the subject, and it is admitted that the affidavit was sufficient, we think it was the duty of the magistrate to issue the warrant, and, upon refusal to act, he can be compelled to do so by mandamus, and on this state of facts the lower court erred in dismissing the petition.

The judgment is reversed with directions to try the issues, and, unless it be found that the ordinance has been repealed, a writ of mandamus should be awarded compelling the police judge to issue the warrant of arrest