207 P.2d 529

**STATE ex rel. NARAMORE et ux. v. HENSLEY, District Judge, et al.**

No. 5189.

Supreme Court of New Mexico.

June 23, 1949.

O. O. Askren, Roswell, for Relators.

Joe L. Martinez, Attorney General.

W. R. Kegel, Asst. Attorney General, for respondent N. R. Reese, District Attorney.

Atwood, Malone & Campbell, Roswell, for respondent E. T. Hensley, Jr., District Judge.

McGHEE, Justice.

The relators seek a writ of mandamus directing the respondents as District Judge and District Attorney, respectively, to present Ray Besing for trial before a jury in the District Court of Chaves County for the claimed murder of their late son Nelce Riley Naramore.

By stipulation of the parties the respondent Hensley had sat as committing magistrate in a preliminary hearing on such a charge, and he had discharged the defendant after finding that no probable cause had been shown that he was guilty of unlawful homicide. It had also been stipulated that said respondent might also sit as judge of the juvenile court of Chaves County where Besing (then under the age of 14 years) was charged with being a juvenile delinquent on account of the killing of Nelce Riley Naramore, and that the testimony given at the preliminary hearing might also be considered as the testimony in the juvenile case. Besing was adjudged a juvenile delinquent and sent to the Industrial School at Springer until he reached the age of 21 years, unless sooner ordered released by the juvenile court. Judge Hensley had also been selected as the trial judge in the district court.

The respondent Reese is the District Attorney of the Fifth Judicial District and is the successor of the District Attorney in office at the time the hearings were held in Chaves County.

The Attorney General did not consent to the filing of the petition for the writ, but on the contrary he appears here on behalf of the respondents and earnestly contends that the relators as parties not beneficially interested have no right to bring mandamus to compel a district attorney or district judge to perform alleged duties relative to the prosecution of criminal cases, and that in this case he is the only person authorized to seek such a writ.

Our statute governing the issuance of writs of mandamus is Sec. 26-105, 1941 Comp., which reads:

"The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. It shall issue on the information of the party beneficially interested."

Are the relators deemed "parties beneficially interested" under the law, or is the State of New Mexico the party beneficially interested?

In State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 585, 249 P. 242, the right of a private citizen to maintain action of mandamus was questioned and we adopted the rule as announced by the Supreme Court of North Dakota in State ex rel. Dakota Hail Association of Plank-

inton v. Carey, Insurance Commissioner, 2 N.D. 36, 49 N.W. 164, 165, as follows:

"We think it will be proper to add, with a view to settling a very embarrassing and much controverted question of practice, that in cases where the state, as such, is directly interested as a party, the attorney general should apply for the writ, or in some manner signify his assent to the proceeding; but, on the other hand, where the controversy does not concern the state, as such, but does concern a large class of citizens in common, as, for example, the citizens and tax-payers of a particular county, town, city, or district, the required affidavit may properly be made by any citizen of the locality affected. In the class of cases last referred to any citizen of the locality affected is, in our opinion, 'beneficially interested,' within the meaning of section 5518, Comp. Laws 1887. It follows that, in this class of cases, the writ may be invoked by any citizen without the concurrence of any officer. * * * Where the right sought to be secured by the writ is private only, the relator must, of course, show that his individual interest is affected in some way peculiar to himself."

Following this quotation there are many cases cited in support of the rule.

In Mitchell v. Boardman; 79 Me. 469, 10 A. 452, it was held that a writ of man-damus would not issue on the petition of a private citizen as relator requiring a justice of the peace to issue a search warrant for the seizure of intoxicating liquors being sold in violation of law.

In Fritts v. Charles, 145 Cal. 512, 78 P. 1057, under a statute almost identical with ours, it was held that a private citizen was not entitled to a writ to compel a justice of the peace to issue a warrant for the arrest of a slot machine operator, as it was the state that was the party beneficially interested.

In Jumonville v. Herbert, La.App., 170 So. 497, it was held that in the absence of special, peculiar or financial interest not common to all people in a town, a citizen was without right to proceed by mandamus to compel the town officers to perform their duties and enforce the laws against gambling.

While the relators here are the parents of the boy who was killed, yet it is the State of New Mexico which is the party beneficially interested. It must act through its regularly appointed or elected officials whose discretion can not be controlled by private parties through mandamus proceedings.

The reasoning which dictated the adoption of the rule in the cases cited is based on sound public policy. A dis-

trict attorney has broad powers in dismissing or entering a nolle prosequi in criminal cases even where informations or indictments have been found. Also, a committing magistrate must determine that probable cause exists for believing a crime has been committed and that the defendant is the guilty party before he is bound over to a trial court. If every dissatisfied prosecuting witness or the close relatives of a person who had been unlawfully killed, as they might believe, could go into court and procure a writ of mandamus to compel the district attorney and trial judge to proceed with a trial of a defendant who had been discharged, even though they believed the state did not have a case, endless confusion, waste of time and expense would follow.

This holding does not leave the relators or the general public without a remedy, as it is provided in Art. 2, Sec. 14, of our constitution that the district judge must convene a grand jury on the petition of 75 taxpayers of the county, and if the evidence presented to such a body called for the indictment of Besing it is not to be presumed that it would refuse to do its duty.

Our decision on this point makes a consideration of the other points unnecessary.

We are of the opinion that the alternative writ of mandamus was improvidently issued, and it will be discharged.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.