Bell, J.
Relator contends that the issuance of a warrant or summons is purely a ministerial act, involving no exercise of discretion on the part of the respondents. This question was not determined by the Court of Appeals because that court found that the relator is not the party benefically interested, and that the petition therefore fails to show a cause of action in him. And if that question is to be determined here, it must first be determined that relator has the right to make the demand for a warrant.
Section 2731.02, Revised Code, provides:
“The writ of mandamus may be allowed by the Supreme Court, the Court of Appeals, or the Court of Common Pleas, and shall be issued by the clerk of the court in which the application is made. Such writ may issue on the information of the party beneficially interested.” (Emphasis added.)
Although this exact point has apparently never been raised in Ohio, there are several cases which have discussed the question as to the “party beneficially interested.”
There is a line of cases involving election questions where *165 it was held that a citizen has sufficient interest as an elector to maintain an action in mandamus to compel compliance with the election laws. State v. Brown, 38 Ohio St., 344 (to compel sheriff to give notice to qualified voters to elect a common pleas judge and instituted upon relation of an elector of the county); State, ex rel., v. Tanzey, 49 Ohio St., 656, 32 N. E., 750 (to compel board of elections to complete abstracts of votes and instituted upon relation of an elector of the county); State, ex rel. Newell, v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105 (action in prohibition permitted by elector to prevent the placing of names of candidates on ballot).
In State, ex rel. Trauger, v. Nash, Gov., 66 Ohio St., 612, 64 N. E., 558, relator, as an elector, citizen and taxpayer of Ohio, brought an action in mandamus against George K. Nash, Governor of Ohio, to compel him to appoint a person as Lieutenant Governor, as required by statute in the evént of a vacancy in that office. The first paragraph of the syllabus in that case reads:
“The Attorney General not having become such, a private citizen may be the relator in a mandamus proceeding to enforce the performance of a public duty affecting himself as a citizen and the citizens of the state at large.”
Although the court in that case concluded that a majority of courts have held that a private citizen petitioning for mandamus must show a special interest in himself, it recognized that “the rule which rejects the intervention of private complainants against public grievances is one of discretion and not of law.” It must also be kept in mind that in that case the Attorney General, upon whose relation such an action would normally be brought, was representing the Governor.
In State, ex rel, v. Henderson, 38 Ohio St., 644, this court held that the clerk of the city of Cincinnati was required, under an ordinance, to advertise for sealed proposals for the construction of a street railway. In discussing the question of whether the clerk could be compelled by mandamus to perform this duty, upon the relation of a eitizen and owner of property along the line of the proposed railroad, Longworth, J., said, at page 648:
*166 “As regards the degree of interest on the part of the relator, requisite to make him a proper party on whose information the proceedings may be instituted, a distinction is taken between eases where the extraordinary aid of a mandamus is invoked, merely for the purpose of enforcing or protecting a private right, unconnected with the public interest, and those cases where the purpose of the application is the enforcement of a purely public right, where the people at large are the real party in interest, and, while the authorities are somewhat conflicting, yet the decided weight of authority supports the proposition that, where the relief is sought merely for the protection of private rights, the relator must show some personal or special interest in the subject matter, since he is regarded as the real party in interest and his rights must clearly appear. On the other hand, where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party, and the relator need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen, and, as such, interested in the execution of the laws.”
Although that language might be relied upon as authority for relator’s position herein, it must be considered in the lignt of later pronouncements of this court. Thus in State, ex rel. Brophy, v. City of Cleveland, 141 Ohio St., 518, 49 N. E. (2d), 175, wherein the relator, who was neither a resident'nor a taxpayer of respondent city, sought to require the transfer of municipal funds, this court held:
“Where no legal right of a person can be affected by the failure of public officials to act in any given matter, he has no such beneficial interest as will permit him to maintain an action in mandamus against them to require official action in such matter.”
The petition in the instant ease reveals only that relator is a citizen of Ohio and instituted his action as a member of the public. Nowhere is there any allegation that any right of his is in any way affected by either the respondents’ acting or failing to act.
Counsel for relator contend that this question has been *167 settled in Ohio by the decision in State, ex rel. Goodman, Justice of Peace, v. Redding, 87 Ohio St., 388, 101 N. E., 275. We can not agree that that case disposes of the issue here presented.
In the Goodman case, a writ of mandamus was granted to a private citizen to compel a justice of the peace to issue a warrant for the arrest of an accused. Apparently, the question of the relator’s right to bring, the action was not discussed; in fact, the only question discussed in the case was whether the particular justice of the peace was still in office or whether his position had been abolished. That case is easily distinguished from the instant one. In the Goodman case, the relator had a definite beneficial interest; he was the person,, from, whom the accused had stolen the money. This is far different from the instant case where, in the words of the Court of Appeals, “the relator has no personal right involved and deliberately and purposely plans and personally induces the violation.”
There is by no means any unanimity of authority on this question outside Ohio. The conflict is recognized as follows by the text writer in 18 Ruling Case Law, 303, Mandamus, Section 238:
“The weight of authority probably sustains the view that to entitle a private citizen to move for and prosecute the writ, he must show that he has some private or special interest to be subserved, or some particular right to be pursued or protected, independent of that which he holds in common with the public at large, and that it is for the public officers to apply when public rights alone are to be subserved. Many courts, however, maintain that where the question is one of public right, and the object of the mandamus to procure the enforcement of a public duty, the relator is not required to show that he has any legal or special interest in the result, it being sufficient if he shows that he is interested, as a citizen, in having the laws executed and the right enforced.”
In addition to the Goodman case, supra, the relator cites several cases to support his contention that a private citizen may institute a mandamus action to compel the issuance of a warrant, without the showing of a special interest. The first of those is State, ex rel. Romano, v. Yakey, Judge, 43 Wash., 15, *168 85 P., 990. Inasmuch, as the writ was actually denied in that case, it is doubtful whether anything therein said in regard to the right of a private individual to bring the action can rise above the position of pure dictum. However, assuming that it can, the relator therein had a special interest in that he was asking for the issuance of a warrant for the arrest of a person whose alleged perjury was the cause of his being sentenced to the penitentiary.
In State, ex rel. M’Invaille, v. Rouse, 86 S. C., 344, 68 S. E., 629, Ann. Cas. 1912A, 1117, the relator was also specially interested in that he was the person against whom the accused had committed the crime.
In State, ex rel. Vanek, v. Justice Court, 110 Mont., 550, 104 P. (2d), 14, a somewhat different question was presented. In that case the magistrate, instead of promptly refusing or granting the warrant, as required by law, spent months in investigation. The court admitted that were the action designed to enforce the issuance of a warrant, it would deny the writ, but that it would order the magistrate to comply with the law by either dismissing relator’s complaint or issuing the warrant.
The case of Marshall v. Herndon, Police Judge, 161 Ky., 232, 170 S. W., 623, squarely supports the position of relator herein, although even here a distinction exists in that the relator there was a resident of the city where he was seeking action. Relator instituted a mandamus action against the police judge of his city to compel him to issue a warrant for the arrest of a person charged with violating a Sunday closing law. The court granted the writ, saying:
“Since the pleadings show that there was a valid city ordinance on the subject, and it is admitted that the affidavit was sufficient, we think it was the duty of the magistrate to issue the warrant, and, upon refusal to act, he can be compelled to do so by mandamus, and on this state of facts the lower court erred in dismissing the petition.”
On the other hand, there are several jurisdictions which deny a private citizen the right to compel the issuance of a warrant in the absence of a showing of some special interest.
*169 Thus in Fritts v. Charles, 145 Cal., 512, 78 P., 1057, the court held:
“An applicant for a writ of mandate to compel the arrest of a person accused by his complaint, filed in the justice’s court, of a misdemeanor in unlawfully using a slot machine for a game of chance, is not a party beneficially interested, within the meaning of the statute. He is not injured thereby in any manner different from the general public, and his application for such writ was properly denied by the superior court.”
Similarly, in Mitchell v. Boardman, 79 Me., 469, 10 A., 452, it is stated in the syllabus:
“The court will not grant a writ of mandamus on the petition of a private citizen to compel a judge of a police court, having jurisdiction to issue a search warrant upon the complaint of such citizen.”
In the opinion in that case, it is stated:
“No private right, distinct from that of the public, is involved here. It is the refusal of a public officer to act in a public matter; an officer of the government in a matter which relates to the enforcement of a public law, and if he has violated his duty or refuses to perform it, there is other remedy more appropriate and efficient than this.”
And, in Nickelson v. State, ex rel. Blitch, 62 Fla., 243, 57 So., 194, involving a demand for the enforcement of a law forbidding the playing of baseball on Sunday, it was held:
“An individual as such is not authorized to prosecute mandamus proceedings to compel a justice of the peace to issue a warrant in a criminal case.”
We recognize the conflict that exists in the reported cases on this question. But reason, logic and necessity for the orderly administration of justice persuade us to take the position that, in the absence of injury to the relator in a manner different from that as to the public in general, relator has not such beneficial interest as to permit him to compel the issuance of a warrant. To hold otherwise would permit any crusading zealot to ride off, helter-skelter, throughout the state compelling police or municipal courts to arrest persons for alleged offenses in which the relator has no legitimate concern. Law enforcement may better be left to the public officials. Any dereliction *170 in duty by those officials is always subject to review by their superiors and to correction by impeachment, removal or by a refusal to re-elect.
Since the petition herein does not set forth facts showing the relator to be the “party beneficially interested,” no cause of action is shown in favor of the relator, and the Court of Appeals properly sustained the demurrers.

Judgment affirmed.

Weygandt, C. J., Matthias and Hart, JJ.* concur.