Marjorie GLASSON, Appellant,

v.

Neville M. TUCKER and Marguerite
Younger, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1972.

Philip L. Grauman, Thomas L. Hogan, Louisville, for appellant.

Ernest A. Jasmin, Asst. City Law Director, Louisville, for appellees.

EDWARD P. HILL, Jr., Judge.

This is an appeal from an order denying appellant's petition for writ of mandamus requiring the appellee, the Honorable Neville M. Tucker, to issue several additional warrants for the arrest of police officers Medley and Johnson growing out of a single incident that occurred on July 14, 1970, at Fourth and Guthrie Streets in Louisville, Kentucky. We affirm.

During a visit to Louisville, Kentucky, by President Richard M. Nixon, and while he was motorcading about the places where more people were likely to observe him, appellant planted herself at the busy corner of Fourth and Guthrie Streets carrying a placard which read: "Lead us to hate and kill poverty, disease and ignorance—not each other." It is said by appellant that Walter Medley, a police officer, "grabbed her placard" and then destroyed it by tearing it up. On the following day, appellant obtained a warrant charging Medley with destroying private property. So far as this record is concerned, no trial has been conducted on the charge contained in this warrant.

On October 22, 1970, appellant, in the company of an attorney for the Kentucky Civil Liberties Union, appeared before the clerk of the Louisville Police Court with an affidavit demanding warrants charging Sergeant Elmer Johnson, Medley's superior officer, with various offenses growing out of the incident of July 14, 1970. She also demanded another warrant for the arrest of Medley. The clerk referred the matter to appellee Tucker, the police

judge, who declined to issue any of the warrants. He so notified the appellant by letter in which he assigned his reason therefore, that in his opinion the affidavits failed to establish probable cause for issuing warrants against Johnson and that the affidavit "indicates that it covers facts alleged in the warrant for A and B and Des. Priv. Prop." already issued for Medley.

We are not here concerned with the guilt or innocence of Medley or Johnson or with the right of appellant to express her sentiments by displaying them on a placard, although it should by now be well known and recognized that any citizen of the United States may constitutionally freely express himself in this manner so long as the material on the placard is not obscene or calculated to incite violence. See the First Amendment to the Constitution of the United States and section 1 of the Constitution of Kentucky.

Appellant's position is that Johnson authorized and directed Medley to take and destroy her placard. The affidavit is not in the record.

■ In Bender v. Eaton, Ky., 343 S.W. 2d 799 (1961), this court outlined the requirements that must be met in order to justify this court to grant the extraordinary relief of writ of mandamus. It must be shown that the party seeking the writ has no other adequate remedy and that great and irreparable injury will result to the party seeking the writ.

The appellant reasons that RCr 2.04(1) requires the issuance of the warrants demanded. Marshall v. Herndon, 161 Ky. 232, 170 S.W. 623 (1914), is also cited and relied on.

■ As we interpret RCr 2.04(1) and Marshall v. Herndon, supra, the magistrate has a discretion to determine whether probable cause is shown for the issuance of a warrant. It would seem elementary also that the magistrate would have a discretion on the question of whether to issue a warrant where, from his own knowledge, a warrant had already been issued for the same person growing out of the same incident.

Having found that appellee did have a discretion in the situation presented and the contents of the affidavit not being before us, we are unable to say that the magistrate proceeded wrongfully. Ruth v. Commonwealth, Ky., 298 S.W.2d 300 (1957); Cadden v. Smith, Ky., 264 S.W.2d 71 (1954); and City of St. Matthews v. Smith, Ky., 266 S.W.2d 347.

Apparently the circuit court was more impressed by the law that prevents making a number of charges out of a single incident from a statement contained in his "memorandum opinion." We quote therefrom: " * * * no good reason is advanced in briefs why the police should have to stand trial on six additional charges arising out of the same incident."

The judgment denying writ of mandamus is affirmed.

All concur.