INHABITANTS OF WINSLOW, *Pet'rs for certiorari, versus*
COUNTY COMMISSIONERS OF KENNEBEC.

By R. S., c. 14, § 18, it is ʳprovided, that if after notice by the assessors, an inhabitant of the town shall not bring in the required lists, (for the purposes of taxation,) he shall be thereby barred of his right to make application to the County Commissioners for any abatement of the assessment on him, unless he shall make it appear that he was unable to offer such list at the time appointed.

Before this mode of redress can be made available by any inhabitant, he must *personally* carry in such list to the assessors, and be ready to make oath to its correctness, if required ; or make it appear to the Commissioners that *he* was unable to offer such list at the time appointed.

Although the Commissioners make an abatement without authority, and, from the whole case, it appears that no injury has been done to the town by their proceedings, the writ of *certiorari* will be denied.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.
PETITION FOR THE WRIT OF CERTIORARI.

The assessors of the town of Winslow, about the middle of April, 1850, posted up notices in that town, notifying the inhabitants thereof, to bring in to them, true and perfect lists of their polls and estates, not exempt, by law, from taxation, as of the 1st of May, 1850.

It was admitted that one Joseph Eaton, one of the inhabitants of that town, presented no such list, but *sent* in to the assessors *such a list* by the hand of a third person, on May 20, 1850.

Eaton complained to the assessors, that the valuation of his estate was greatly overrated and asked for an abatement. This was denied, and he then applied to the County Commissioners.

On the hearing before the Commissioners, the then respondents moved, that the petition of said Eaton should be dismissed, for want of compliance on his part with the provisions of R. S., c. 14, § 18.

The Commissioners denied the motion, and considered that said Eaton was overrated, and ordered a reimbursement to him from the treasury of said town of $6,76, for money tax, and $3,86, for highway tax, of that year.

The reasons alleged, that the proceedings and records are erroneous, were, that said motion should have been granted, and that the Commissioners had no right to order the reimbursement to said Eaton of the sums mentioned.

The presiding Judge refused to grant the writ, and the petitioners filed exceptions.

*Drummond,* for petitioners.

*Paine, contra.*

CUTTING, J. — For the purpose of defending our constitutional and "unalienable rights," it becomes necessary annually to raise money by taxation; and consequently that each citizen should contribute his proportion according to the amount of his property to be protected; to ascertain which the Legislature has established certain rules and modes of procedure. (R. S., c. 14, § § 17, 18, 19.)

By these sections it clearly appears, that each inhabitant of a town, being possessed of property therein, liable to be taxed, is not only required to make a perfect list of such property, but also to bring it in to the assessors, and be personally before them and ready to make oath, if required, that the same is true. But when a list is brought in by another, no opportunity is afforded for ascertaining by the oath of the party, who best or only knows, its truth or falsity. Hence, if *he* neglect, *he* is barred of his right to an abatement, unless it shall be made to appear that *he* was unable to offer such list at the time appointed.

The case finds that the person applying for, and obtaining, an abatement, did not personally hand in his list, and no reason is offered or excuse made for such neglect. The true reason in some cases may be a willingness to avoid the oath, in which event the party delinquent throws himself upon the final judgment and discretion of the assessors. In this instance the County Commissioners erred in making the abatement.

But the case further discloses that no real injury has been done to the petitioners; for it is admitted that *such a list*

was before the assessors, as they had notified to be produced, which was a true and perfect list, and it could not have been made more true and perfect, even by an oath.

For this cause the exceptions are overruled and the petition must be dismissed.

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.