Lambard *v.* County Commissioners of Kennebec County.

---

ALLEN LAMBARD, *petitioner for certiorari, versus* COUNTY COMMISSIONERS OF KENNEBEC COUNTY.

If a person, who has, upon due notice, presented to the assessors true and perfect lists of his polls, and all his estates, real and personal, not exempt from taxation, &c., refuses to answer all proper inquiries in relation to the nature and situation of his property, and, if required, to subscribe and make oath to the same, he is thereby barred from applying to the county commissioners for any abatement of his taxes.

ON EXCEPTIONS from *Nisi Prius*, DICKERSON, J., presiding.

PETITION FOR CERTIORARI to quash the proceedings of the county commissioners of Kennebec county, in relation to the abatement of his taxes, and for relief in the premises.

The petition substantially alleges that, on Aug. 9, 1864, he presented his petition to said commissioners, therein representing that, on May 2, 1863, he carried in to the assessors of Augusta, in accordance with their notice, a true and correct list, under oath, of all his polls, &c., not exempt, &c.; but the assessors, not regarding said list, un-

justly assessed him for the further sum (named) for which he averred he was not liable to taxation; that the same was to that extent an over and illegal valuation of his estate; that said assessors assessed a tax against him on said valuation, in a certain sum (named,) which he paid to discharge his property from distraint therefor; that he subsequently applied to said assessors for an abatement of the same, which was refused, and he prayed that the commissioners might consider the matter and grant him such relief as he might be legally entitled to; that said petition was duly entered, notice ordered and continued to the next session of said commissioners, when they reported:— "That, notwithstanding said Lambard might have rendered to said assessors, under oath, a true and correct list of his taxable property as required, we are of the opinion and do report, that the petitioner neglected and refused to submit himself to the examination provided by law, when thereto requested by said assessors, and is not therefore entitled to the relief sought for in his application to us," &c., which said report was duly accepted by said commissioners' court and ordered to be recorded, &c.

Upon a hearing, the presiding Judge ordered that the petition be granted, and that the writ be issued; to which ruling and adjudication the respondents alleged exceptions.

*L. Clay,* Co. Attorney, in support of the exceptions.

*A. Libbey,* contra, contended,—

That the refusal to answer such questions as the assessors might put to him did not deprive the petitioner of his right of appeal to the commissioners, but only authorized the assessors to assess him for any property they could find owned by him not included in his schedule and subject to taxation. R. S., c. 6, §§ 52, 53 and 55; Pub. Laws of 1862, c. 138; Pub. Laws of 1866, c. 329.

WALTON, J.—No person is entitled to apply to the county commissioners for an abatement of his tax, unless, when

duly notified, he brings in to the assessors a true and perfect list of his taxable estate, or can make it appear that he was unable to do so. (R. S. c. 6, § 52.)

If he brings in what purports to be such a list, and exhibits it on oath, it is not to be taken as true, unless he answers all proper inquiries in relation to the nature and situation of his property, and, if required, subscribes and makes oath to the truth of his answers. (Act of 1862, c. 138.)

In this case the petitioner refused to submit himself to such an examination. His exhibit of his estate cannot therefore be taken to be true. The fair interpretation of the Act of 1862 is that, for all practical purposes, it must be taken to be untrue, because he refused to verify it in the manner provided by law.

Our conclusion therefore is that the petitioner was not entitled to apply to the county commissioners for an abatement of his tax, because he did not bring in to the assessors a list of his taxable property and estate so verified as to entitle it to be treated as true. He refused to submit to the examination which the law had wisely provided to test its truth. After such a refusal he was in no condition to complain if he found himself overrated. It was the result of his own wilful refusal to comply with the reasonable requirements of the law.

*Exceptions sustained. — Petition dismissed.*

APPLETON, C. J., KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.