CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY APPELLANT, v. HITCHCOCK COUNTY, APPELLEE.

FILED JUNE 5, 1894.  No. 4789.

Taxation: RAILROAD PROPERTY. By section 39 of the revenue law personal property of a railroad company outside of its right of way is required to be listed for taxation by the authorities of the counties in which it is situated, without regard to the use for which it is designed.

APPEAL from the district court of Hitchcock county. Heard below before COCHRAN, J.

*W. S. Morlan, T. M. Marquett,* and *J. W. Deweese,* for appellant, cited: *Burlington & M. R. R. Co. v. Lancaster County,* 7 Neb., 33, 15 Neb., 251; *Red Willow County v. Chicago, B. & Q. R. Co.,* 26 Neb., 668; *Santa Clara County v. Southern P. R. Co.,* 118 U. S., 394; *South Platte Land Co. v. City of Crete,* 11 Neb., 345; *Touzalin v. City of Omaha,* 25 Neb., 817; *Peoria, D. & E. R. Co. v. Goar,* 118 Ill., 134; *Pfaff v. Terre Haute & I. R. Co.,* 108 Ind., 144.

*House & Blackledge,* contra, cited: *State v. Republican V. & W. R. Co.,* 27 Neb., 853; *Republican V. & W. R. Co. v. Chase County,* 33 Neb., 759.

POST, J.

This is an equitable proceeeding by the appellant railroad company to restrain the collection of taxes assessed by the authorities of Hitchcock county for the year 1889 on

personal property, consisting of rails, ties, and other material on its right of way in said county, and designed for use in the construction of a line of road through said county and thence west into the state of Colorado. It is alleged that said property, was for the year in question returned for taxation to the auditor of public accounts and subsequently assessed at its actual value by the state board of equalization, in accordance with the provisions of section 40 of the revenue law. The appellee, by answer and stipulation, at the trial admitted all of the allegations of the petition, except that the property described was situated on the appellant's right of way at the time it was listed for taxation. The district court found that said property was situated outside of the right of way, and therefore taxable by the local authorities, and entered a decree dismissing the petition, from which an appeal was taken by the plaintiff to this court. From the kind and quantity of said material, in connection with the other facts in evidence, it is plain that it was designed for the construction of the plaintiff's projected line of road. Such material was situated on land known as lot 8, along four separate side tracks or spurs, apparently laid for convenience in loading and unloading. The inside track was 186 feet from the center of the main line at the nearest point on said lot, from which it is apparent that the property in controversy was not situated on the plaintiff's right of way. By provision of section 39 of the revenue law the plaintiff company was required to return to the auditor of public accounts, for taxation by the state board, the number of miles of road in each organized county of the state, and the total number of miles in the state, including the road-bed, right of way, and superstructures thereon, main and side tracks, depot buildings and depot grounds, section and tool houses, rolling stock, and personal property necessary for the construction, repair, or successful operation of its road, which is qualified by a proviso in

Chicago, B. & Q. R. Co. v. Hitchcock County.

the following language: *"Provided, however,* That all machine and repair shops, general office buildings, storehouses, and also all real and personal property outside of said right of way and depot grounds, as aforesaid, of and belonging to any such railroad and telegraph companies, shall be listed for taxation by the principal officer or agent of such companies, with the precinct assessors of any precinct of the county in which said property may be situated, in the manner provided by law for the listing and valuation of real and personal property."

It is contended by the plaintiff that the character of the property and the use for which it is designed, and not its precise location, is the test which should be applied in determining whether it is taxable by the state board or the local authorities, but we cannot so construe the section mentioned without ignoring the plain language of the proviso. It would seem that the intention of the legislature was rather to provide a fixed and arbitrary rule for the taxation by the state board of the property of railroad and telegraph companies within their right of way and depot grounds and all other property by the local authorities. The provision under consideration is not found in the revenue law of 1879, but was adopted as an amendment thereto in 1881. By the original act railroad companies were required to return to the auditor of public accounts for taxation, not only the number of miles of track, rolling stock, depot grounds, repair shops, furniture, and fixtures, but all other personal property belonging to the corporation. The declared purpose of the amendment is to except from the operation of the above general provision the property enumerated therein, including all real and personal property outside of the company's right of way and depot grounds. It follows that the material described in the petition was taxable by the authorities of Hitchcock county and that the decree of the district court should be

AFFIRMED.