WILLIAM H. POWELL, Appellant, *vs.* CITY OF OLD TOWN.

Penobscot.    Opinion December 13, 1911.

*Taxation.    Money at Interest.    Assessment.    Abatement.    Estoppel.    "Reasonable Time."    Statute, 1862, chapter 138.    Revised Statutes, chapter 9, sections 73-75.*

To entitle one to apply for an abatement of taxes under Revised Statutes,
chapter 9, sections 73-75, it must affirmatively appear:

(1)  That he made and brought in to the assessors, as required by their
written notice, a true and perfect list of all his property not by law
exempt from taxation of which he was possessed on April 1st of the same
year, or can make it appear that he was unable to do so.

(2)  That he made oath to this list, if required so to do by the assessors or
any of them.

(3)  That he answered all proper inquiries that were asked him by any of
the assessors as to the nature, situation, and valuation of his taxable prop-
erty, and that he also reduced his answers to writing and subscribed the
same, if so requested.

A tax payer should not be taxed for money at interest if he is owing debts
in excess of the amount at interest, but if so taxed he will be barred from
the right to apply for an abatement if he has refused to answer the
questions asked him by the assessors concerning his money at interest.

Under Revised Statutes, chapter 9, sections 73-75, relating to taxation for money at interest April 1st, an inquiry was made by assessors on June 10th, concerning money which the plaintiff had at interest, *held* that the inquiry must be deemed predicated on what money the plaintiff had at interest on April 1 of the same year.

Under Revised Statutes, chapter 9, sections 73-75, relating to taxation for money at interest April 1st, inquiries made by assessors of plaintiff on June 10th were not too late to charge him with such taxes; it appearing that the current tax lists had not been completed and committed to the collector, and that the assessors had proceeded with due diligence in making up the lists.

"Reasonable time," to which assessors are entitled in making inquiries as a basis for assessment for money at interest April 1st, under Revised Statutes, chapter 9, sections 73-75, is such period as may be properly allowed, having regard to the nature of the act and to the attending circumstances; the quoted term being flexible.

On report. Appeal dismissed.

The assessors of the City of Old Town for the year 1910, assessed the plaintiff for $1000 money at interest. The plaintiff then made written application to the assessors for an abatement of the tax on the money at interest and the abatement was refused. The plaintiff then appealed to the Supreme Judicial Court under the provisions of Revised Statutes, chapter 9, section 79. When the case came on for trial, an agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

Note. Under the provisions of Public Laws, 1911, chapter 179, "All loans of money made by any individual or corporation and secured by mortgage on real estate situated in this state," are exempt from taxation.

*W. H. Powell,* pro se.

*F. J. Whiting,* for defendant.

Sitting : Whitehouse, C. J., Savage, Spear, Cornish, King, JJ.

Cornish, J. In order to entitle a person to apply to the county commissioners or to the Supreme Judicial Court for relief from assessment of taxes, by abatement under R. S., ch. 9, secs. 73-75, it must affirmatively appear,

1.   That he made and brought in to the assessors as required by their written notice, a true and perfect list of all his property not by law exempt from taxation, of which he was possessed on April first of the same year, or can make it appear that he was unable to do so.

2.   That he made oath to this list, if required so to do by the assessors or any of them.

3.   That he answered all proper inquiries that were asked him by any of the assessors as to the nature, situation and valuation of his taxable property and that he also reduced his answers to writing and subscribed the same, if so requested.

In this case the agreed statement of facts shows that the appellant complied with the first requirement as to bringing in the list, and that the second requirement was not violated because he was not required by the assessors to make oath to the list.   The controversy arises over the third requirement.

On this question it is admitted that at the time the list was filed the appellant answered all questions asked him by the assessors respecting the property comprised in his list, but the list did not contain any statement of money at interest and no questions were asked respecting that class of property.

About June tenth of the same year, the assessors called upon the appellant, stated that they "were going to assess money at interest" and asked him if he cared to make any statement to them in relation to how much money he had at interest.   The appellant refused to make any statement.   Thereupon the Board assessed him for one thousand dollars at interest.   It is admitted that on April 1, 1910, he had that sum at interest but that he was owing debts in excess of that amount.   He should not therefore have been taxed for money at interest, *Taylor* v. *Caribou*, 102 Maine, 401, and this appeal should be sustained unless he is barred by his refusal to make any statement when the assessors made their additional inquiries of him on June 10, 1910.

The appellant does not contend that the inquiries put by the assessors should have been reduced to writing.   R. S., ch. 9, sec. 75, provides that the assessors and "either of them may require

him to answer all proper inquiries in writing as to the nature, situation and valuation of his taxable property" etc. This more accurately should read "either of them may require him to answer in writing all proper inquiries as to the nature," etc., because this section is a condensation of the original act,—chap. 138 of the Public Laws of 1862, which reads: "and such lists being exhibited on oath shall be taken as true, unless such person shall refuse to answer all proper inquiries in relation to the nature and situation of his property, and if required subscribe and make oath to the same, to be taken in writing before a majority of the assessors who may act by themselves or counsel in taking the same."

The language of the court in *Levant* v. *Co. Comms.*, 67 Maine, 429, would seem to indicate that the questions should also be in writing, but that question was not raised in the case, as both the questions and the answers had been reduced to writing and the court sent the petition for certiorari back for further hearing at nisi prius because there was a conflict of testimony as to whether the applicant for abatement had in fact refused to answer certain questions. The true construction is stated in *Lambard* v. *Co. Comms.*, 53 Maine, 505, and the appellant in the case at bar does not attack it.

But the appellant while conceding the general rule that refusal to answer proper inquiries made at a proper time bars the right of appeal, contends that he is not barred in this case for two reasons: First, because the assessors predicated their inquiry on what money at interest the appellant had on June 10, 1910, not on April 1, 1910.

This construction of the interview is too narrow. What took place is to be viewed in the light of the surrounding circumstances. The assessors called upon him in their official capacity and he well knew the general purpose of their visit. They stated in effect that they had concluded to assess money at interest, not simply his, but all money at interest, that is, that class of property, for that current year, and that necessarily meant property held on April first. They then asked him if he cared to make any statement to them in relation to how much money he had at interest. This could not have meant either to the assessors or to the appellant who is a

lawyer, how much he had on the day when the question was asked, but how much he was assessable for that year, which would relate back to April first. Both sides knew that that was the subject of conversation and the object of the visit, and although the question was asked on June tenth, it was understood to relate to property taxable in 1910 and to nothing else. An inquiry as to the property which appellant owned on April first was an act of official duty; an inquiry as to the property which he owned on June tenth would have been an act of unofficial impertinence, and all the parties knew this. Such is the reasonable construction of the whole interview. No precise formula need be used by the assessors. No stereotyped language need be employed. They must of course, make the individual understand the nature and purpose of their inquiry, and that this was accomplished in this case, there can be no room for reasonable doubt.

The question put by the assessors was certainly a proper one within the requirement of the statute, and the appellant's absolute refusal to make any statement whatever precluded the necessity of making the further inquiry as to how much he was taxable for on April first. He did not object to the form and say that he would answer proper inquiries, but he declined to answer any. His attitude rendered further questioning futile and he cannot now complain because the assessors took him at his word and closed the interview, without going through a useless formality. *Milliken* v. *Skillings*, 89 Maine, 180; *Bowden* v. *Dugan*, 91 Maine, 141; *Pitcher* v. *Webber*, 103 Maine, 101; *Hall* v. *Trust Company*, 106 Maine, 465-474.

The second objection raised by the appellant is that the inquiry if proper in itself, was made long after the list was furnished, and he was therefore not obliged to answer it.

The Statute, R. S., ch. 9, sec. 75, fixes no time within which such inquiries must be made. This court has held, in *Freedom* v. *County Commissioners*, 66 Maine, 172, that the authority of the assessors is not limited to the time and place designated in their written notice, but continues for a reasonable time thereafter. It is

often impracticable to make all the examinations in one day, and time should be given the assessors to make careful investigations of the furnished lists which are not conclusive.

The tax lists for the year had not been completed and committed to the collector on June tenth, and the agreed statement shows that the assessors had proceeded with all due diligence in making up the lists and had not used more time than was usually required by the assessors of Old Town for a proper performance of their duties. Under these circumstances it is clear that the reasonable time granted to the assessors had not expired. Reasonable time is a flexible term and as used in this connection is such a period as may be properly allowed having regard to the nature of the act and to the attending circumstances.

Applying this rule it would seem that the assessors would continue to have the right of proper inquiry at least until, working with reasonable speed, the assessment lists are finished and committed to the collector. Especially is this true in the case at bar where, as the agreed statement shows, the assessors had started on the track of a class of property which was not embraced in the appellant's original list and concerning which they had not interrogated him.

The conclusion therefore is that the appellant's peremptory refusal to make any statement whatever barred his right of appeal. *Lambard* v. *Co. Commissioners*, 53 Maine, 505.

*Appeal dismissed with costs.*