EDMUND CODY *vs.* FRED SPEAR, executor.

Worcester.　January 6, 1913. — March 31, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Tax,* Assessment, Sworn list.　*Domicil.*

In an action by the tax collector of a town to recover from an executor a tax assessed to him as such executor, if it appears that the defendant's testator about two years and five months before his death sold his house in the town claiming the tax and moved to a certain city where he lived until his death, but that the defendant, who was his son, alleged in the petition for the allowance of the will that the residence of the testator was in the town claiming the tax, it can be found that the residence of the defendant's testator was in that town at the time of his death.

In an action by the tax collector of a town to recover a tax from an executor, it appeared that the defendant had returned on the blank furnished by the assessors a sworn list representing that the taxable property in his hands as executor was only $500, that in the previous year he had been taxed as such executor upon a valuation of $2,630 and had paid the tax without protest, that the assessors returned to the defendant his sworn list and wrote to him as follows: "We do not accept the form of list you sent. We will have to have a bill of distribution of your property that is taxed in [the town]. If not we shall tax you for the same as you have been taxed for in the past." The defendant made no reply to the letter and was assessed for the larger amount. The defendant contended that under R. L. c. 12, § 46, the assessors were obliged to receive his list as true, because there was no evidence that the assessors had required him to answer under oath as to his property and no evidence that he had refused thus to answer. *Held,* that a finding was warranted that the letter "was intended as and must have been understood as a notice that the correctness of the defendant's list was questioned, that he must appear and answer under oath, and that his neglect to reply to the letter was a refusal to do so."

CONTRACT, by the tax collector of the town of Oakham against the executor of the will of William S. Spear, for taxes assessed for the years 1909 and 1910. Writ dated March 23, 1911.

In the Superior Court the case was tried before *Lawton,* J., without a jury. The finding of the judge upon the question of residence, referred to in the opinion, was as follows:

"As regards the residence the only evidence before me is the undisputed facts that William S. Spear had been for a long time previous to September 1, 1905, a resident of Oakham, that on or about that day he sold his house and substantially all its contents,

went to Worcester and thereafter till his death remained in Worcester and that the executor, this defendant, in his petition for probate of the will asserts that the residence of the deceased was Oakham.  Doubtless the defendant is not estopped by the affidavit in his petition or by the adjudication of the Probate Court now to deny that the residence of the deceased was Oakham. But I hold that it is evidence coming from the son of the deceased and in the absence of any explanation or contradiction it overweighs inferences which I should doubtless draw from the fact of the father's selling out and removing from Oakham in 1905 if that fact stood alone.  I find that the deceased was a resident of Oakham at the time of his death."  He died on January 30, 1908.

The finding of the judge, upon the contention of the defendant that the list brought in by him must be received as true because he had not refused "to answer on oath all necessary inquiries as to the nature and amount of his property," was as follows:

"As regards the second ground of defense I am satisfied that the assessors sent and that the defendant received the letter, a copy of which is in evidence marked exhibit 1, dated June 3, and which I find was sent in 1909.  While the letter apparently assumes that the estate has been in part distributed and that the list as a list is therefore correct, I hold that it was intended as and must have been understood as a notice that the correctness of the defendant's list was questioned, that he must appear and answer under oath, and that his neglect to reply to the letter was a refusal to do so. I cannot think it necessary that such a notice should contain the exact expression: 'We question the correctness of your list and require that you should appear and answer under oath enquiries as to the nature and amount of your property.'"

The letter referred to is quoted in the opinion, where the circumstance under which it was sent to the defendant as well as other material facts are stated.

The judge refused to make certain rulings requested by the defendant, raising the two questions which are stated in the opinion. The judge found for the plaintiff in the sum of $70.12, being $27.92 with interest from October 1, 1909, and $35.77 with interest from October 1, 1910, to the date of the finding.  The defendant alleged exceptions, which included the following stipulation: "The parties are agreed that the two assessments stand or fall

together; that if the plaintiff is entitled to recover on the assessment of 1909, he recovers on both; if he fails on the assessment of 1909, he fails on both."

The case was submitted on briefs.

*M. M. Taylor & E. B. Johnson,* for the defendant.

*E. A. Brodeur,* for the plaintiff.

HAMMOND, J. This is an action by the tax collector of the town of Oakham to recover certain taxes assessed for the years 1909 and 1910 upon the defendant as the executor of the will of his father, William S. Spear, who died on January 30, 1908. The defendant contests the validity of the taxes upon two grounds, first, that the deceased was not at the time of his death a resident of Oakham within the meaning of our statutes as to the assessment of taxes, and second, (applicable only to the tax for the year 1909) that the return made by the defendant was conclusive upon the assessors.

1. For reasons stated by the trial justice as recited in the bill of exceptions, which need not be repeated here, the finding made by him that the deceased was a resident of Oakham at the time of his death was amply justified by the evidence and it must stand.

2. The second ground of the defense presents a more difficult problem. There was evidence that the tax assessed in 1908 upon the defendant as executor was $34.80 upon a property valuation of $2,630, which tax was paid by the defendant without protest; that in 1909 the assessors received from the defendant in response to a notice under R. L. c. 12, § 41, a list of his property made upon a blank sent by them to him for that purpose; that this list showed only $500 worth of property, all in one item; that the assessors did not believe that the list was correct; that nevertheless they "made an assessment" of $6.55, based on that list, intending to communicate with the defendant later; that they delayed doing so until the State supervisor of assessors came; that after talking with the supervisor they returned by mail to the defendant the list which he had sent to them and sent the letter of June 3, 1909; that the assessors heard nothing more from the defendant; that they went to the proper registry of probate and could find no record of distribution; that, becoming satisfied that there has been no distribution, on December 16, 1909, they made an additional assessment of $27.92, based upon an additional property

valuation of $2,130, which, added to the $500, the basis of the first assessment, made $2,630, an amount equal to the valuation upon which the tax of 1908 had been assessed.

R. L. c. 12, § 46 (now St. 1909, c. 490, Part I, § 46), provides that the assessors shall receive as true, except as to valuation, the list brought in by the tax payer "unless, on being thereto required by the assessors, . . . [the person bringing in the list] refuses to answer on oath all necessary inquiries as to the nature and amount of his property." The defendant stoutly contends that there is no evidence that the assessors required him to answer under oath as to his property, and that there is no evidence that he refused thus to answer. The decision upon this branch of the question turns upon the interpretation to be given to the letter of June 3, 1909, read in the light of the circumstances under which it was written. The formal parts being omitted, the letter is as follows: "We do not accept the form of list you sent. We will have to have a bill of distribution of your property that is taxed in Oakhám. If not we shall tax you for the same as you have been taxed for in the past."

A list had been sent by the defendant. It represented that the taxable property in his hands as executor was only $500. In 1908 a tax upon a valuation of $2,630 had been assessed upon him and he had paid it. These facts were known to both parties. It clearly appears from this letter that the assessors were not satisfied with the list and that they at least wanted a bill of distribution of the property, and that if he did not send that they should tax him as before. Upon receipt of this letter the defendant knew that the list was not satisfactory to the assessors, and he must be presumed to have known the law and that any further proceedings must be in accordance with it.

We are of opinion that the finding by the trial judge that the letter "was intended as and must have been understood as a notice that the correctness of the defendant's list was questioned, that he must appear and answer under oath, and that his neglect to reply to the letter was a refusal to do so," was fully warranted by the evidence. True it was not a formal demand in technical language to appear and make answer under oath. But it is not necessary that the exact language of the statute should be used. A liberal interpretation is to be given to the language of the

assessors. It is sufficient if it in substance indicates to the tax payer that the assessors do not accept the list as conclusive, and that unless the course prescribed by the statute be followed by him it will not be so accepted.

The parties having agreed that if the plaintiff is entitled to recover on the assessment of 1909 he recovers on both, the assessment of 1910 is no further considered.

*Exceptions overruled.*