MAINE LUMBER CO., INC.
J. W. PENNEY & SONS, CO.
*vs.*
INHABITANTS OF TOWN OF MECHANIC FALLS
(Two cases)

Androscoggin.    Opinion, July 10, 1961.

*Herbert A. Crommett,*
*Robert F. Preti,* for plaintiff.

*Frederick G. Taintor,*
*Frank B. Foster,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J.   On report.   These appeals by tax-
payers from abatements of tax by county commissioners to
the Superior Court present identical questions of law on
like facts.   For convenience we will refer to one case.   The
sole issue raised on report is "whether or not, on the Record,

the County Commissioners had jurisdiction to consider the Appeal from the refusal of the Assessors to make an abatement." For appeal, see R. S., c. 91-A, §§ 50-55; for report, see Rule 72, Maine Rules of Civil Procedure.

The taxpayer applied to the assessors of the town of Mechanic Falls for an abatement from the 1960 assessment. On the refusal of the assessors to make an abatement, the taxpayer applied to the county commissioners, and then dissatisfied with the small amount of abatement granted, appealed to the Superior Court.

The dispute arises from the failure of the taxpayer to file with the assessors at or before the time set therefor the list of property as required under R. S., c. 91-A, § 34, as follows:

> "**Sec. 34. Taxpayers to list property, notice, penalty, verification.**—Before making an assessment, the assessors shall give seasonable notice in writing to all persons, liable to taxation in the municipality, to furnish to the assessors true and perfect lists of their polls and all their estates, not by law exempt from taxation, of which they were possessed on the 1st day of April of the same year."
>
> * * * * * * * * * * * * *
>
> "If any person after such notice does not furnish such list, he is thereby barred of his right to make application to the assessors or the county commissioners for any abatement of his taxes, unless he furnishes such list with his application and satisfies them that he was unable to furnish it at the time appointed."

A list of property was in fact filed with the assessors at the time of the abatement hearing, and subsequently a copy was furnished to the county commissioners at the time of the application or appeal from the action of the assessors. The county commissioners took jurisdiction of the application and rendered the decision from which the appeal arises

The reason given for the failure to file the list of property with the assessors is stated in an affidavit to the county commissioners, which reads in part:

> "An independent appraiser was hired by said Town, who conferred with the appropriate employee of said Appellant and who was given all of the pertinent information with regard to assets as the Appraiser felt necessary; thus leading the Appellant to believe that said written list would not be necessary."

The county commissioners granted the prayer of the taxpayer that they receive certain schedules or exhibits "so that your Appellant (taxpayer) will not be prejudiced by the question of whether or not prior lists submitted have in fact been submitted within the meaning of the Statutes for the State of Maine." The parties agree that the assessors gave seasonable notice in writing under Sec. 34, *supra*. The time appointed for furnishing the list necessarily must have been before the assessment was made from which the abatement was requested. *Perry, Petrs.* v. *Inhabitants of Lincolnville*, 145 Me. 362, 75 A. (2nd) 851.

Neither the assessors nor the county commissioners had jurisdiction to entertain an application for the abatement of the taxes unless the taxpayer "satisfies them that he was unable to furnish it at the time appointed." The taxpayer argues first, that in granting the prayer for relief, the county commissioners found as a matter of fact that the taxpayers had been "unable" to file a list within the prescribed time, and secondly, that there is nothing in the record to show that the taxpayer failed to file a list in accordance with the requirements of statute or the demands of the assessors. There is no statement of findings bearing out the contentions and no inferences can be drawn from the known facts or from the exercise of jurisdiction by the county commissioners that the failure of the taxpayer to file the list within the time appointed was brought about by its

inability to do so. If the county commissioners had so found that the taxpayer was unable to file the list before the abatement by the assessors, such a finding in our opinion would not have been sustainable as a matter of law. The taxpayer was mistaken in the legal effect of what transpired, but that does not change failure to file into inability to file.

The taxpayer further contends that the investigation by the appraiser employed by the assessors rendered the filing of the list unnecessary and that therefore the filing of the list by the taxpayer was not required to justify jurisdiction in the assessors and in the county commissioners. Such, however, is not the effect of the acts of the assessors through their specially employed appraiser. The statute requires that a property list be filed and without such list being filed there can be no applications to the assessors or the county commissioners. *Perry, Petrs.* v. *Inhabitants of Lincolnville, supra.*

The case falls within the principles set forth in *Edwards Mfg. Co.* v. *Farrington,* 102 Me. 140, 66 A. 309, in which a petition for writ of mandamus to compel assessors to take action on an application for abatement of tax was denied. Under the law as it then existed, no list was required from a nonresident. The court said, at p. 143:

"It has been adjudicated that the petitioning company was and is to be regarded as an inhabitant of Augusta for taxing purposes. The company practically admits that it did not furnish the assessors with the statutory list of its taxable property at the time appointed, though due notice was given. It is therefore barred from its otherwise statutory right to make application for abatement either to the assessors, or to the county commissioners, or to this court, unless it can satisfy the tribunal that it 'was unable to offer it (the list) at the time appointed.'"

In this case the argument was made:

> "It is practically conceded in the petition itself, including exhibits, that the only excuse the petitioner has to offer to either tribunal for its omission to furnish the list seasonably, is that it had supposed it was not an inhabitant of Augusta for taxing purposes, and that the assessors and the city for many years had regarded it as a non-resident and had so treated it in assessing taxes upon its property and indeed did so in the assessment of 1904. The argument is that, beside believing that no list was required by law, the company was led to believe by the assurances and action of the assessors that no list was required by them, hence it should not be held barred from making application for abatement."

As the court further pointed out, " 'reasonable excuse,' or 'good cause,' " is not sufficient to excuse failure to file the list. The "statute requires proof that the applicant 'was unable' to furnish the list." See also *Dead River Co.* v. *Assessors of Houlton*, 149 Me. 349, 355, 103 A. (2nd) 123; *Terminal Company* v. *City of Portland*, 129 Me. 264, 151 A. 460; *Squire & Co.* v. *Portland*, 106 Me. 234, 76 A. 679; *Inhabitants of Orland* v. *County Commissioners*, 76 Me. 460; *Inhabitants of Fairfield* v. *County Commissioners*, 66 Me. 385; *Lambard* v. *County Commissioners*, 53 Me. 505.

It follows under the decided cases that the county commissioners had no jurisdiction to entertain the application for abatement of the tax and that the assessment by the assessors for the taxable year 1960 stands.

Under R. S., c. 91-A, § 55, "if no abatement is granted, judgment shall be rendered in favor of the municipality, and for its costs, to be taxed by the court." Accordingly the entry in Superior Court in each case will be

> *Judgment for the Inhabitants of the*
> *Town of Mechanic Falls with costs.*