CHAMPION INTERNATIONAL CORP.

v.

TOWN OF BUCKSPORT et al.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1995.

Decided Dec. 5, 1995.

Catherine R. Connors, (orally), Pierce, Atwood, Scribner, Allen Smith & Lancaster, Portland, for Plaintiff.

John H. Montgomery, (orally), Glenn Israel, Bernstein, Shur, Sawyer & Nelson, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Champion International Corp. appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) dismissing its declaratory judgment action. Champion challenged the Town of Bucksport tax assessor's request for information, pursuant to 36 M.R.S.A. § 706 (1990), on three grounds: (1) section 706 requires that the assessor make a demand for true and perfect lists of all of a taxpayer's taxable estates from *all* taxpayers; (2) Champion did not receive a demand for such a list; and (3) the information demanded by the assessor was unreasonable, over-broad, and burdensome.[1] Champion also requested, should the court

---

1. 36 M.R.S.A. § 706 (1990) provides in pertinent part:

Before making an assessment, the assessor ... may give seasonable notice in writing to all persons liable to taxation in the municipality ... to furnish to the assessor ... true and perfect lists of all their estates, not by law exempt from taxation, of which they were possessed on the first day of April of the same year.

The notice to owners may be by mail directed to the last known address of the taxpayer or by any other method that provides reasonable notice to the taxpayer.

If notice is given by mail and the taxpayer does not furnish the list, he is barred of his right to make application to the assessor ... for any abatement of his taxes, unless he furnishes the list with his application and satisfies

[the assessor] that he was unable to furnish it at the time appointed.

The assessor ... may require the person furnishing the list to make oath to its truth ... and may require him to answer in writing all proper inquiries as to the nature, situation and value of his property liable to be taxed in the State; and a refusal or neglect to answer such inquiries and subscribe the same bars an appeal....

If the assessor ... fail[s] to give notice by mail, the taxpayer is not barred of his right to make application for abatement provided that upon demand the taxpayer shall answer in writing all proper inquiries as to the nature, situation and value of his property liable to be taxed in the State; and a refusal or neglect to answer the inquiries and subscribe the same bars an appeal....

find the assessor's inquiries to be proper, that it be given time to answer without losing its right to seek an abatement. We address only Champion's second ground, and conclude that the court should have declared that Champion had not violated section 706.

 In March 1994 William J. Mayo, the Town's assessor, sent to Champion a 63–paragraph "Property Tax Information Request," seeking information to assist him in his assessment of Champion's Bucksport mill for the 1994 tax year. The request purported to be pursuant to section 706, which allows an assessor to make "proper inquiries as to the nature, situation and value" of taxable property. The proper inquiries, however, by the plain text of the fourth paragraph of section 706, may be made only of the "person furnishing the list." The list referred to in the fourth paragraph is the "true and perfect list" of all of a taxpayer's taxable property that section 706 allows an assessor to obtain from "all persons liable to taxation in the municipality." The fourth paragraph is clearly directed to the person who has furnished the list required in the first paragraph. Therefore, the list request of the first paragraph is a necessary prerequisite to any request for information. Because the assessor did not request from Champion "true and perfect lists of all their estates, not by law exempt from taxation," its right to seek an abatement is not affected by its failure to answer all of the proffered inquiries.

 Likewise, the assessor is not assisted by the last paragraph of section 706 because Champion's challenge to his request preceded its request for an abatement. Therefore, Champion "is not barred of [its] right to make application for abatement." Our reading of section 706 is supported both by the plain language of the statute and our prior decisions. In *Perry v. Town of Lincolnville*, 145 Me. 362, 75 A.2d 851 (1950), we said that "[t]he lists ... are therefore to furnish correct information to the assessors, and if the assessors desire, they have the right to require *the individual, who files the list,* to make oath to the same and to furnish other and additional information." *Id.* at 365–66, 75 A.2d at 853 (emphasis added).

Although Champion's subsequent abatement request may provide the opportunity for further inquiries by the assessor pursuant to the last paragraph of section 706, Champion was entitled to know whether it had violated section 706. By the terms of that section, Champion has not lost the right to seek an abatement and was entitled to a judgment declaring its rights pursuant to the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980).

The entry is:

Judgment vacated.

Remanded for the entry of a declaratory judgment consistent with the opinion herein.

All concurring.